RTN (8517)
RONALD T. NAGLE, P.C.
52 South Street
Morristown, New Jersey 07960
Telephone: (973) 267-6780
Facsimile: (973-267-6738
Attorney for Plaintiff Mary Alice Meggiolaro

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ALICE MEGGIOLARO, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : HONORBALE |
| LAGNIAPPE PHARMACY SERVICES, TRANSACTION DATA SYSTEMS INC, D/B/A RX 30 AND JOHN DOES 1 THROUGH 4, | : |
| | : COMPLAINT |
| Defendants. | : |

Plaintiff Mary Alice Meggiolaro,("Meggiolaro") by way of Complaint against the Defendant Lagniappe Pharmacy Services ("Lagniappe") and Transaction Data Systems, Inc, d/b/a Rx30 ("Rx30"), says:

### THE PARTIES

1. Meggiolaro is a resident of the State of New Jersey who resides at 11 Valley Forge Drive, Whippany, New Jersey.

2. Lagniappe is, upon information and belief, a Texas Corporation with its principle place of business at 2601 Scott Avenue, Suite 600, Fort Worth Texas.

3. Rx30 is a company in the State of Florida, with it principle place of business at 788 Montgomery Ave, Ocoee, Florida 34761.

## JURISDICTION AND VENUE

4. Jurisdiction and venue with regard to the Complaint are proper. The Court has Federal question jurisdiction pursuant to 28 U.S.C. § 1331 under Americans with Disabilities Act.

5. This Court has jurisdiction over the Defendants. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as Plaintiff is located in this vicinage.

.

## FACTS COMMON TO ALL COUNTS

6. Lagniappe is the successor in interest to OPUS-ISM, LLC. and hereafter will be referred to as Lagniappe.

7. Rx30 acquired Lagniappe and is a successor in interest to Lagniappe.

8. Meggiolaro was employed by Lagniappe beginning on December 16, 1985 and worked for Lagniappe for 30 years.

9. On or about August 27, 2012, Meggiolaro entered in to an Employment Agreement with Lagniappe (the "Agreement").

10. The Agreement provides that it would have an initial term of three years and would automatically renew for one year terms thereafter unless terminated by either party by giving notice at least thirty days prior to the expiration of the then current term.

11. On or about August 24, 2015, Meggiolaro advised Lagniappe that she would require a medical leave of absence to accommodate a spinal injury that Meggiolaro suffered. As a result of that injury Meggiolaro was disabled and unable to perform her work functions.

12. Over the next several weeks Meggiolaro continued to be in contact with Lagniappe to update her status. On November 9, 2015, Lagniappe advised Meggiolaro that if she would not return to work on November 17, 2015, she would be administratively terminated.

13. In response, Meggiolaro advised Lagniappe that she was still disabled and unable to perform her work. She requested a reasonable accommodation from Lagniappe so that she could return to work in February 2016.

14. On November 19, 2015, Lagniappe advised Meggiolaro that it was placing Meggiolaro on "inactive status." This was in reality the termination of Meggiolaro's employment. There is no provision in the Agreement for such status. Further, Lagniappe did not give Meggiolaro proper notice under the Agreement that it was terminating her employment.

15. On or about March 8, 2016, almost five months from the time when Meggiolaro was placed on "inactive status," she received a letter of termination from Lagniappe that purported to terminate her employment with the Company.

16. Lagniappe had made no attempt or effort to reasonably accommodate Meggiolaro for her disability. Lagniappe also terminated Meggiolaro in violation of the Agreement.

## FIRST COUNT

17. Plaintiff respects and makes a part hereof the allegations contained in Paragraphs 1 through 16.

18. The termination of Plaintiff's employment was the result of disability discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and the Americans with Disability Act 42 U.S.C § 126 et seq.

19. Plaintiff suffered damages as a result of Defendants' disability discrimination, including but not limited to lost wages and emotional distress.

**WHEREFORE,** Plaintiff respectfully demands that judgment be entered in her favor against Lagniappe/ Rx30 for lost wages, compensatory damages, punitive damages, attorneys' fees and costs of suit, and such other relief as the Court may deem just and proper.

## SECOND COUNT

20. Plaintiff repeats and makes a part hereof as if fully set forth herein the allegations set forth in Paragraphs 1 through 19 of the Complaint.

21. Lagniappe/Rx30 failed to reasonably accommodate Plaintiff's disability, in violation of the ADA and the New Jersey Law Against Discrimination.

22. As a result of Defendants' failure to reasonably accommodate Plaintiff's disability, Plaintiff suffered damages, including but not limited to lost wages and emotional distress.

**WHEREFORE,** Plaintiff respectfully demands that judgment be entered in her favor against Lagniappe/Rx30 for lost wages, compensatory damages, punitive damages, attorneys' fees and costs of suit, and such other relief as the Court may deem just and proper.

## THIRD COUNT

23. Plaintiff repeats and makes a part hereof as if fully set forth herein the allegations set forth in Paragraphs 1 through 22 of the Complaint.

24. The termination of Plaintiff's employment was in retaliation for her having sought a reasonable accommodation for her disability, and in violation of the ADA and the New Jersey Law Against Discrimination.

25. As a result of Defendants' retaliation against Plaintiff, Plaintiff has suffered damages, including but not limited to lost wages and emotional distress.

**WHEREFORE,** Plaintiff respectfully demands that judgment be entered in her favor against Lagniappe/ Rx30 for lost wages, compensatory damages, punitive damages, attorneys' fees and costs of suit, and such other relief as the Court may deem just and proper.

## FOURTH COUNT
### (Breach of Contract)

26. Meggiolaro repeats and makes a part hereof the allegations contained in Paragraphs 1 through 25.

27. As a result of the conduct described herein, Defendants have breached the Agreement between them and Meggiolaro.

28. As a result of this breach, Meggiolaro has been and continues to be harmed and has suffered damages.

**WHEREFORE,** Plaintiff respectfully demands that judgment be entered in her favor against Lagniappe/Rx30 for lost wages, compensatory damages, punitive damages, attorneys' fees and costs of suit, and such other relief as the Court may deem just and proper.

                                              **RONALD T. NAGLE, P.C.**
                                              Attorney for Plaintiff Mary Alice Meggiolaro

Dated: June 13, 2016        By: _____
                                                      Ronald T. Nagle