NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARY ALICE MEGGIOLARO,**<br><br>    Plaintiff,<br><br>    v.<br><br>**LAGNIAPPE PHARMACY SERVICES, TRANSACTION DATA SYSTEMS, INC., D/B/A RX 30 AND JOHN DOES 1 THROUGH 4**<br><br>    Defendants. | Civ. No. 2:16-cv-3407 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Mary Alice Meggiolaro brought this action for employment discrimination against Lagniappe Pharmacy Services and parent company Transaction Data Systems, Inc. This matter comes before the Court on Defendants' motion to dismiss Plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(6) and to dismiss the remaining state law claims for lack of subject matter jurisdiction under 12(b)(1). Alternatively, Defendants move to transfer venue to the Federal District Court for the District of Delaware. Plaintiff requests leave to amend her complaint as to the issue of diversity jurisdiction. For the reasons below, the Defendants' motion is **GRANTED** and the Complaint is **DISMISSED without prejudice**.

I.   BACKGROUND

From December 1985 to August 2012, Plaintiff Mary Alice Meggiolaro was employed in New Jersey by Defendant Lagniappe Pharmacy Services. Lagniappe and parent company System Training Specialists are incorporated in Delaware and

1

maintain their principal place of business in Texas. Plaintiff is a resident of New Jersey. On August 27, 2012, Plaintiff entered into an Employment and Non-Competition Agreement ("Employment Agreement") with Opus-ISM, Lagniappe's predecessor in interest. Defs.' Mot. Dismiss, at 3. The Employment Agreement created a three-year term of employment renewable annually thereafter.

On or about August 24, 2015, Plaintiff informed Defendant that Plaintiff would require a medical leave of absence relating to a spinal injury that prevented her from working. Compl., ¶ 11. Plaintiff's 12-week paid leave under the Family and Medical Leave Act ended November 17, 2015. *Id.* at ¶ 12. According to the Complaint, Plaintiff around that time requested a reasonable accommodation and permission to return to work in February 2016 following her recovery. *Id.* at ¶ 13. Plaintiff was informed on November 19, 2015, after failing to return to work, that she had been placed on an "inactive list." *Id.* at ¶ 14. On March 8, 2016, Plaintiff received a formal termination letter. *Id.* at ¶ 15.

Plaintiff brings this action claiming that Defendant violated state and federal anti-discrimination laws by failing to provide reasonable accommodations for her disability, by retaliating against Plaintiff for requesting reasonable accommodations, and by terminating Plaintiff on the basis of disability. Plaintiff also asserts a claim for breach of contract. Defendants move to dismiss the federal claim under 12(b)(6) for failure to state a claim. Defendants also move to dismiss the remaining claims under 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, to transfer venue to the District of Delaware in accordance with a forum-selection clause in the Employment Agreement.

## II. DISCUSSION

### A. Plaintiff's ADA Claim

The Americans with Disabilities Act ("ADA") prohibits a range of discriminatory employment practices, including termination of a qualified individual on the basis of disability and failure to provide reasonable accommodations for a disabled employee. 42 U.S.C. § 12112(a), (b). Relief in federal courts is available only to those plaintiffs who have exhausted administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *Itiowe v. NBC Universal Inc.*, 556 Fed. Appx. 126, 128 (3d Cir. 2014). Failure to exhaust administrative remedies, while not a bar to federal jurisdiction, "constitutes a ground for dismissal for failure to state a claim." *Id.* (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 2000)).

Defendants argue that Plaintiff's ADA claim is barred because Plaintiff failed to file charges with the EEOC. Plaintiff does not refute this point or provide evidence that she pursued relief administratively before bringing this action. Because Plaintiff does not state a claim for relief under the ADA, the Court **GRANTS** the Defendants' motion to dismiss Meggiolaro's ADA claim under Federal Rule of Civil Procedure 12(b)(6).

### B. Subject Matter Jurisdiction Over Plaintiff's State Law Claims

The Defendant argues that because Meggiolaro's only federal claim is barred by the ADA's administrative exhaustion requirement, the Court lacks federal question jurisdiction and should dismiss the remaining state claims. Def. 's Reply, at 1-2. In its opposition papers, Plaintiff requests leave to amend the Complaint in order to provide a basis for diversity jurisdiction over the remaining state claims, as the parties are ostensibly diverse. Pl.'s Opp., at 1. Although the Court has discretion to exercise supplemental jurisdiction, 28 U.S.C. § 1367, the Defendants' motion to dismiss is **GRANTED** and the Plaintiff's state law claims are **DISMISSED without prejudice.**

Although it identifies the parties as diverse, the Complaint does not specify an amount in controversy, relying instead on federal question jurisdiction. Compl. ¶ 4. The Court declines to speculate as to the amount in controversy. Plaintiff is permitted to file an amended complaint in which she may properly invoke subject matter jurisdiction. 28 U.S.C. § 1332.

Further, the Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims, since the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When all federal claims are dismissed at a preliminary stage of litigation, "a district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Accordingly, the Court will not exercise supplemental jurisdiction over the Plaintiff's state law claims.

The Court **DISMISSES** the Plaintiff's Complaint **without prejudice**. Plaintiff may file an amended complaint that properly invokes subject matter jurisdiction.

### C. Defendants' Motion to Transfer Venue to District of Delaware

Defendants move under 28 U.S.C. § 1404 to transfer venue to Federal Court for the District of Delaware pursuant to the exclusive forum-selection clause in the Employment Agreement. *See* Ex. A-1, Defs.' Mot. Dismiss. Plaintiff disputes the validity of the forum-selection clause and argues that New Jersey is a more suitable venue for this litigation. The Defendants' motion is **DENIED AS MOOT**.

### D. Defendant Transaction Data Systems Inc.'s Motion to Dismiss

At the time of the Complaint, Plaintiff believed Transaction Data Systems Inc. ("Transaction Data") to be the parent company of co-Defendant Lagniappe Pharmacy Services, which directly employed Plaintiff. Defendants inform the Court that Transaction Data no longer exists. Since May 6, 2016, the parent company of Lagniappe has been System Training Specialists. Ex. A-1, Def.s' Mot. Dismiss. Because the Court grants the Defendants' motion to dismiss, Transaction Data's motion to dismiss is **DENIED AS MOOT**.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' motion to dismiss and **DISMISSES Plaintiff's complaint without prejudice**.

                                     /s/ William J. Martini  
                               **WILLIAM J. MARTINI, U.S.D.J.**

**September 29, 2016**