NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY ALICE MEGGIOLARO,

        Plaintiff,

v.

LAGNIAPPE PHARMACY SERVICES, LLC, SYSTEM TRAINING SPECIALISTS, INC., and JOHN DOES 1-4,

        Defendants.

Civil Action No.: 16-3407 (WJM)

MEMORANDUM OPINION

**FALK, U.S.M.J.**

Before the Court is Defendants' motion to transfer venue to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a). [ECF No. 18.] The motion is opposed. No argument is necessary. Fed. R. Civ. P. 78(b). For the reasons that follow, Defendants' motion is **GRANTED**.

## BACKGROUND

This is a breach of contract and New Jersey Law Against Discrimination case. Plaintiff, Mary Alice Meggiolaro, is a New Jersey resident. (Amended Complaint ("AC") ¶ 1.) Defendant Lagniappe Pharmacy Services is a Delaware-based limited liability company. (AC ¶¶ 2-3, 6.) Meggiolaro worked for Lagniappe from 1985 until 2016. (AC

¶ 8.) In 2012, Meggiolaro and Lagniappe's predecessor-in-interest, Opus-ISM, LLC ("Opus"), entered into an Employment and Non-Competition Agreement (the "Agreement"). (AC ¶ 9.) The Agreement contains the following forum selection provision:

> Governing Law; Disputes. The validity, interpretation, construction and performance of this Agreement shall be governed by the laws of the State of Delaware, without regard to its conflicts of law principles. Actions to enforce this Agreement shall be brought only in a state or federal court located in the State of Delaware. Each party irrevocably (i) submits to the personal jurisdiction of such courts and waives any objection to the laying of venue therein or any inconvenient forum, (ii) consents to service of process at the address given under Section 12(a) hereof, and (iii) waives any other requirement (whether imposed by statute, rule of court, or otherwise) with respect to personal jurisdiction or service of process.

(Agreement § 11(h); Attached to Certification of Stefani C. Schwartz, Esq. as Exhibit A.)

On or about August 24, 2015, Plaintiff went on leave under the Family and Medical Leave Act due to a back/spine injury. (AC ¶ 11.)

On or about March 4, 2016, Lagniappe sent Plaintiff a letter stating that, since she was unable to return to work, she would be terminated effective April 4, 2016. (AC ¶ 16; Schwartz Cert., Ex. C.)

On June 13, 2016, Plaintiff filed the present case alleging that Defendants violated federal and state anti-discrimination laws by failing to provide her with a reasonable accommodation, by retaliating against her, and by terminating her on the basis of her

disability.  Plaintiff also alleges that Defendants fired her in breach of the Agreement.

On October 20, 2016, Defendants filed the present motion to transfer this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a) based on the forum selection provisions of the Agreement.  Defendants contend that the Supreme Court's Opinion in *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W.D. of Tex.*, 134 S. Ct. 568 (2013), requires transfer of this case to Delaware.

Plaintiff opposes the motion to transfer, contending that Delaware is out of the way and inconvenient; that Plaintiff has a medical condition and is in a less favorable financial position than Defendants, who she contends should bear the cost of traveling to defend the case; and that the forum selection clause is narrow and should not be enforced.

## **LEGAL STANDARD**

28 U.S.C. § 1404(a) provides federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "[f]or the convenience of the parties and witnesses, or in "the interests of justice." *Id.*  The purpose of the federal transfer statute is to "prevent the waste of 'time, energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

"There is no definitive formula or list of factors to consider when deciding a motion to transfer." *Landmark Fin. Corp. v. Fresenus Med. Care Holdings, Inc.*, 2010

WL 715454, at *2 (D.N.J. Mar. 1, 2010). However, the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), articulated certain "public" and "private" interests implicated by Section 1404(a). Private interests include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. *Id.* at 879. Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. *Id.*

Where, like here, there is a forum selection clause involved, the transfer considerations change. In *Atl. Marine*, the Supreme Court held, *inter alia*, that:

(1) a valid forum selection clause is an important consideration in a Section 1404(a) analysis and that a case should usually be transferred to the district specified in the clause; and

(2) when there is a valid forum selection clause, and a case is filed in a district other than the one specified in the clause, the court's Section 1404(a) transfer considerations change in three ways: [i] the plaintiff's choice of forum becomes immaterial; [ii] the parties' private interests—traditional transfer considerations—should

not be evaluated, and should be deemed to weigh entirely in favor of the selected forum; and [iii] the original venue's choice of law rules do not apply. *See* 134 S. Ct. at 581-82. *Atlantic Marine* strongly suggests, if not definitively states, that when a forum selection clause is present, the case should proceed in the designated forum.

## **DECISION**

This case fits squarely within *Atlantic Marine*. There is a forum selection agreement stating that "[a]ctions to enforce this Agreement shall be brought only in a state or federal court located in the State of Delaware." (Schwartz Cert., Ex. A.) Plaintiff has filed an action alleging breach of the Agreement outside of the designated forum. (*See* AC ¶¶ 27-28 ("Count Four") .) Absent compelling circumstances unrelated to the private interests of the parties, this matter must be transferred to Delaware. *See Atl. Marine*, 134 S. Ct. at 581. None are present here. For many reasons, which are briefly listed below, transfer is appropriate.

**First**, on what has been presented to the Court, there is no basis to question the validity of the forum selection agreement, which the Court finds to be valid and enforceable. A forum selection clause is generally considered "prima facie valid" and should be enforced unless shown to be unreasonable or the result of fraud or overreach. *See, e.g.*, *Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986). Plaintiff claims that the clause is "narrow" and "does not apply" to the case, referring only to her discrimination claims. (Pl.'s Br. 5.) But that ignores the actual

5

claims in her Complaint. The forum selection clause applies to claims relating to the Agreement; and Plaintiff's Complaint expressly pleads a breach of the Agreement. (*See* AC ¶¶ 28-29.) The inclusion of claims in the Complaint that do not involve the Agreement does not render the forum selection provision inapplicable. Moreover, while Plaintiff claims that Defendants have breached the Agreement, she does not allege in the Complaint (or in her brief) that the forum selection clause was the result of fraud or overreach.[1] Thus, the clause is valid and applies to this case.

**Second**, Plaintiff claims that it is unreasonable to enforce the Agreement because of her back injury; because Defendants have the financial means to travel; and because she would have to travel to Delaware. However, the Supreme Court has made clear that "the parties' agreement to a particular venue constitutes a waiver of the right to challenge the preselected forum as inconvenient or less convenient for themselves or their

---

[1] Plaintiff relies on certain pre-*Atlantic Marine* case law to claim the forum selection provision is invalid based on private considerations, such as Plaintiff's health, *see Veverka v. Caribbean Cruise Lines*, 2012 U.S. Dist. LEXIS 175660 (D.N.J. 2012). The case is distinguishable. Specifically, the *Veverka* court had detailed information about Plaintiff's medical condition, which involved an 81-year-old plaintiff who required assistance with "basic daily activities" and "ongoing" medical treatment, *id.* at *18. Conversely, this Court has not been provided information from a doctor detailing Plaintiff's medical restrictions, and Plaintiff *concedes* that her back condition "is not as severe as the plaintiff in *Veverka*." (Pl.'s Br. 6.) In addition, *Veverka* involved substantial travel from New Jersey to Florida. *See* 2012 U.S. Dist. LEXIS 175660, at *18-21. The travel in this case is between bordering states and is comparatively modest. A forum selection clause will only be deemed unreasonable if the forum is "so gravely difficult and inconvenient" that it effectively amounts to denying a party its day in court. *See Brennan v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Plaintiff falls well short of showing a grave inconvenience or that transfer will result in a denial of her day in court.

witnesses, or for their pursuit of litigation." *Atl. Marine*, 134 S. Ct. at 581. Indeed, this Court must deem the private interest factors to weigh *in favor* of transfer:

> A court evaluating a defendant's Section 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum selection clause, they waive the right to challenge the pre-selected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Id*.

Thus, Plaintiff's arguments about convenience, choice of forum, the location of evidence, and Plaintiff's financial status vis-á-vis the Defendants are not material and are predetermined to weigh in favor of transfer.

**Third**, the public interests do not warrant keeping this case in New Jersey. Plaintiff barely mentions the public factors, allocating a few sentences to them. The only public factor raised, i.e., the application of New Jersey law, falls dramatically short of precluding transfer to Delaware; a judge in Delaware can easily apply New Jersey law. *See Atl. Marine*, 134 S. Ct. at 584 ("federal judges routinely apply the law of the state other than the state in which they sit.").

## CONCLUSION

In sum, Plaintiff has an employment agreement. The employment agreement contains a forum selection provision setting litigation relating to the contract in Delaware. Plaintiff filed a Complaint that claims the agreement has been breached, but did not file it in Delaware. No evidence has been put before the Court establishing that the forum selection provision is in any way invalid. The Supreme Court has stated that when there is a forum selection provision, the private *Jumara* factors are not to be considered and weigh in favor of transfer. And there are no public interest factors that would support keeping the case in New Jersey. In light of those facts, transfer is clearly appropriate in this case.

For the reasons set forth above, Defendants' motion to transfer [ECF No. 18] is **GRANTED**. This matter shall be transferred to the United States District Court for the District of Delaware.

                                       s/Mark Falk
                                       **MARK FALK**
                                       **United States Magistrate Judge**

**Dated: April 10, 2017**